O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PLANET GOALIE, INC., | ) | CASE NO. CV 11-07263 RZ |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | STATEMENT OF UNDISPUTED FACTS AND CONCLUSIONS OF LAW |
| MONKEYSPORTS, INC., | ) ) | |
| Defendant. | ) ) | |

This matter came before the Court on April 15, 2013 on Defendant's Motion for Summary Judgment. Defendant appeared through its counsel W. Michael Hensley. Plaintiff appeared through its counsel Randy Godin. The Court heard argument of counsel and took the matter under submission. Being fully advised, the Court grants the motion, and issues its Statement of Undisputed Facts and Conclusions of Law.

**UNDISPUTED FACTS**

1.  Planet Goalie was and is a corporation incorporated under the laws of Nevada on January 13, 2010 and has its principal place of business in Harrisburg, Pennsylvania. It was owned originally by Mike Sherman and Derek Prue. Mr. Sherman and Mr. Prue are not parties to this action.

2. Planet Goalie's principal business was selling hockey goalie equipment and related supplies at the retail level.

3. Defendant MonkeySports is a corporation incorporated under the laws of California, with its principal place of business in Corona, California. It sells all kinds of ice hockey equipment, including some goalie equipment, but the goalie business is a relatively small part of its overall sales.

4. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. Vaughn Custom Sports ("Vaughn") is one of the two largest manufacturers in North America of ice hockey goalie equipment and related supplies. It is based in Michigan.

6. Planet Goalie commenced the pending action against Defendant MonkeySports in the Middle District of Pennsylvania on September 2, 2011, asserting two claims, one for interference involving Vaughn and the second for interference against Reebok/CCM. This action was transferred to the Central District of California based on lack of personal jurisdiction/venue grounds, with the parties eventually consenting that the undersigned may hear the case pursuant to 28 U.S.C. § 636(c). Earlier, Planet Goalie dismissed with prejudice and without costs the second count of its Complaint involving Reebok/CCM. The sole remaining claim involves Vaughn.

7. MonkeySports had a continuous relationship with Vaughn for several years before Planet Goalie was formed, by which Vaughn supplied goalie equipment to MonkeySports based on booking orders. Under a booking order relationship, a supplier like Vaughn may use its discretion in determining whether to fill an order.

8. Michael Sherman was employed by MonkeySports (with MonkeySports also known as Hawk Hockey) from approximately December 2001 through early January 2010. During this employment, Mr. Sherman had a title of manager of MonkeySports' goalie division, so representing himself to others and to suppliers' representatives such as Vaughn, and mainly working from MonkeySports' Santa Ana warehouse. Mr. Sherman

was hired by MonkeySports to help MonkeySports become more competitive with competitor Hockey Goalie. He came up with a Goalie Hockey internet presence implemented by MonkeySports, was a main interface with supplier/customer representatives (such as Vaughn) for goalie products, visited Vaughn's Michigan headquarters while working with MonkeySports and was taken out to a Detroit Red Wings game, and monitored MonkeySports' competitors' websites while at MonkeySports. Mr. Sherman resigned from MonkeySports, relocated to Pennsylvania and opened up Planet Goalie for business in early 2010.

9. In its Complaint, Planet Goalie alleges that MonkeySports interfered with its retail product prospective "booking order" arrangement with Vaughn. MonkeySports interfered, Plaintiff alleges, when two events occurred. First, MonkeySports' owner John Naaman warned Vaughn that MonkeySports would cancel one-half of its booking orders with Vaughn if Vaughn made Planet Goalie an e-commerce dealer for Vaughn. Second, Vaughn terminated Planet Goalie as a dealer.

10. On October 15, 2012, this Court issued and served a scheduling order setting a fact discovery cut-off date of February 18, 2013 and a motion cut-off hearing date of April 15, 2013.

11. In response to Federal Rule 26 mandatory disclosures and a prior document production request, Planet Goalie has produced no emails or documents showing any interference by MonkeySports.

12. Planet Goalie did not provide a computation of damages in its Rule 26 mandatory pretrial disclosures and did not supplement said disclosures.

13. In its Complaint, Planet Goalie states that Vaughn terminated Plaintiff for shipping merchandise to other Vaughn customers even though it promised retailers that no such direct shipments would take place. Planet Goalie avers only on "information and belief" that Vaughn's termination was caused by MonkeySports' "demands."

14. The only competent evidence demonstrates that MonkeySports' Mr. Naaman stated that it was "fine" that Mr. Sherman wanted to resign from MonkeySports on January 2010 and begin to work on a "different business."

15. A separately incorporated entity named MonkeySports N.J., Inc. is owned by Monkey Sports' principals, has opened a retail store in Woodbridge, N.J., sells goalie equipment and competes with Planet Goalie for sales.

16. Vaughn has a prospective "booking order" arrangement with either or both MonkeySports or Planet Goalie.

17. Plaintiff has not alleged that MonkeySports employed inappropriate means against Planet Goalie, alleging only that Mr. Sherman might suffer adverse financial repercussions from competing with MonkeySports.

18. Planet Goalie has failed to show that it lost sales or suffered any loss of net profits or other losses as a result of MonkeySports' conduct. Plaintiff was a start-up company with no established record of success or profit.

19. Plaintiff's tax return for 2010 showed no reportable income for the year after factoring in deductions and expenses.

20. Effective March 1, 2012, not more than 6 months after commencement of this case, Planet Goalie had become "Goalies Plus," a division of Sports Plus Hockey (a business with ten stores formed 20 years ago). On its "Goalie Store Bulletin Board," re-transformed Planet Goalie has a link to Vaughn conspicuously displayed.

21. Based on the information produced by Planet Goalie to MonkeySports before the fact discovery cut off, there is no sound accounting basis to calculate any lost sales value, net profits, or other losses, based on the allegations against MonkeySports.

22. In an Orange County Superior Court action, Mr. Sherman personally released all claims against MonkeySports, dismissing the action with prejudice and providing a Civil Code section 1542 waiver of unknown claims.

23. Counsel for the parties met on March 13, 2012, as required by Local Rule 7-13 as a prerequisite to Defendant's filing this motion. This meeting placed Plaintiff

on notice that Defendant intended to file a summary judgment motion. Plaintiff was duly served with the motion. Nevertheless, Plaintiff filed no memorandum or other papers opposing the motion within the time set by the rules. Subsequently, Defendant filed a reply memorandum, calling the Court's attention to the fact that Plaintiff had filed no opposition to the motion.

24. Defendant had noticed the motion for hearing on Monday, April 15, 2013, at 10:00 a.m. On Friday, April 12, 2013, at 9:39 p.m., Plaintiff electronically submitted a document bearing the following title:

> PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR FOR ORDER FOR SPECIFYING MATERIAL FACTS EXISTING WITHOUT SUBSTANTIAL CONTROVERSY; MEMORANDUM OF POINTS AND AUTHORITIES [concurrently filed with Plaintiff's Response to Defendant's Statements of Uncontroverted Facts and Plaintiff's Affirmative Statement of Additional Facts; Declaration of Randy Godin, Esq.]

Despite the title's reference, no document entitled "Plaintiff's Response to Defendant's Statements of Uncontroverted Facts and Plaintiff's Affirmative Statement of Additional Facts" was submitted. The Opposition also states that it "is based on this Memorandum and exhibits attached hereto, the Declaration of Randy Godin, Esq.; The Affidavit of Michael Sherman and all the papers and records on file to which judicial notice is requested and on all such oral and documentary evidence as may be presented at the hearing on this Motion." Nonetheless, there was no affidavit of Michael Sherman presented.

25. At the hearing, Plaintiff's counsel stated that his memorandum was late because he had mis-calendared the hearing and only realized this when he received Defendant's reply memorandum. However, Defendant's Reply Memorandum was electronically filed and served on April 1, 2013 at 3:41 p.m., eleven days before Plaintiff

submitted its five-page opposition. Plaintiff submitted no declaration or other evidence justifying the late filing.

26. Any Conclusion of Law later determined to be a finding of fact is hereby made a Finding of Fact.

**CONCLUSIONS OF LAW**

1. Any Finding of Fact later determined to be a conclusion of law is hereby made a Conclusion of Law.

2. This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332.

3. Summary judgment is appropriate where, reading the record in favor of the non-moving party, "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

4. A dispute must be as to a material fact to prevent summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Material facts are those that are necessary to the proof or defense of a claim, as determined by reference to substantive law. *Id.*

5. A genuine issue of material fact exists only if sufficient evidence is presented such that a reasonable fact finder could decide in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

6. Moreover, the party seeking to oppose summary judgment must do more than introduce "some" evidence, a "scintilla" of evidence, or evidence that is not "significant[ly] probative." *Anderson*, 477 U.S. at 247, 249, 251.

7. Summary judgment is appropriate where, as here, the nonmoving party fails to make a sufficient showing on essential elements of its case for which it bears the burden of proof or fails to rebut a preclusive affirmative defense. *Celotex*, 477 U.S. at 322-

23; *see UMG Recordings, Inc. v. Shelter Capital Partners LLC*, __ F.3d __, 2013 WL 1092793 (9th Cir. Mar. 14, 2013) (affirming summary judgment for defendant in online copyright infringement case where plaintiff failed to rebut evidence supporting DMCA defense).

8. The non-moving party must oppose by presenting probative competent evidence. *Block v. City of Los Angeles*, 253 F.3d 410, 418-19 (9th Cir. 2001); *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 781-82 (9th Cir. 2002).

9. The non-moving party cannot oppose a properly supported summary judgment by resting on the allegations of its pleadings. *Anderson*, 477 U.S. at 256.

10. The initial burden is on the moving party to demonstrate an absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 322-23. Once that burden is met, the non-moving party must produce enough evidence to rebut that claim and create a genuine issue of material fact. *Id.* Unless the non-moving party meets this burden, the motion will be granted. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.,* 210 F.3d 1099, 1103 (9th Cir. 2000).

11. Planet Goalie has not produced competent, probative evidence in opposition to the pending motion, even though it bears the burden on essential substantive elements of its claims. It also has failed to rebut MonkeySports' affirmative defenses with competent, probative evidence.

12. Because Plaintiff only had a prospective "booking order" relationship with Vaughn, *cf. Pacific Oxygen Sales Co. v. Union Carbide Corp.*, 1991 WL 42150 at *2-3 (9th Cir. 1991); *Reeves v. Hanlon*, 33 Cal. 4th 1140, 1151-52; 17 Cal. Rptr. 3d 289 (2004), MonkeySports' alleged actions, even if proven, were immunized under the "competition privilege." *Id.*; *Consolidated Data Terminals v. Applied Digital Data Systems, Inc.*, 708 F.2d 385, 399 n.18 (9th Cir. 1983); *Acumed LLC v. Advanced Surgical Servs., Inc.*, 561 F.3d 199, 215 (3d Cir. 2009); RESTATEMENT (SECOND) OF TORTS § 768 (2012).

13. Because a defendant like MonkeySports can enter into secret negotiations and refuse to deal with third parties like Vaughn unless it ceases dealing with Planet Goalie, no wrongful means were proven to be used by MonkeySports. *San Francisco Design Center Associates v. Portman Companies*, 41 Cal. App. 4th 29, 42, 50 Cal. Rptr. 2d 716 (1995) and authorities cited therein; RESTATEMENT (SECOND) OF TORTS § 768 cmt b.

14. Even if Planet Goalie has stated a contractual interference tort, MonkeySports' conduct was justified because it was seeking in good faith to protect its own business interests and relationship with Vaughn by appropriate means despite the potential detriment to Planet Goalie. *United National Maintenance, Inc. v. San Diego Convention Center Corp.*, 2012 WL 3861695 at *14-15 (S.D. Cal. Sept. 5, 2012); *Richardson v. La Rancherita of La Jolla, Inc.*, 98 Cal. App. 3d 73, 81, 159 Cal. Rptr. 285 (1979); RESTATEMENT (SECOND) OF TORTS § 773.

15. Plaintiff failed to demonstrate with competent evidence that Defendant engaged in wrongful conduct proscribed by some statutory, regulatory, common law or other determinable standard. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1158-59 (2003); *Arntz Contracting Co. v. St. Paul Fire & Marine Ins. Co.*, 47 Cal. App. 4th 464, 477, 54 Cal. Rptr. 2d 888 (1996).

16. Planet Goalie's failure to provide a computation of damages under Rule 26 or supplement this information justifies summary judgment in favor of MonkeySports. FED. R. CIV. P. 26(e), 37(c)(1)(C), 37(b)(2)(A)(v); *Hoffman v. Impact Confections, Inc.*, 544 F. Supp. 2d 1121, 1128 (S.D. Cal. 2008).

17. Plaintiff has failed to provide in discovery any probative, competent evidence about lost profits, lost sales or reputational losses. The only 2010 tax return showed no reportable income, and Planet Goalie was an "unestablished business" at the time with only speculative damages. *Sargon Enterprises, Inc. v. University of Southern California*, 55 Cal. 4th 757, 769 n.5, 774 ( 2013); *Greenwich S.F., LLC v. Wong*, 190 Cal.

App. 4th 739, 763, 118 Cal. Rptr. 3d 531 (2010); *Kids' Universe v. In2Labs*, 95 Cal. App. 4th 870, 887, 116 Cal. Rptr. 2d 158 (2002).

18. Planet Goalie cannot recover business reputational losses under its interference claim. *Shiner v. Moriarty*, 706 A.2d 1228, 1239 (Pa. Super. 1998).

19. Michael Sherman is not entitled to any alleged lost reputational damages, as an individual. He did not sue personally and has no standing to recover such damages. *See Vaughn v. Dame Construction Co.*, 223 Cal. App. 3d 144, 147, 277 Cal. Rptr. 261 (1990); *Rosenthal v. Carson*, 27 A.2d 499, 501 (Pa. Super. 1942).

20. In any event, Michael Sherman cannot recover for individual damages because he released and dismissed his individual claims in *Sherman v. Hockey Hawk, Inc., MonkeySports, Inc., John Naaman, and Does 1-10*, Orange County Superior Court Case No. 30-2010-00391476-CU-DE.

21. Plaintiff did not show any excusable neglect for failing to submit, within the time allowed, any papers in opposition to Defendant's summary judgment motion.

22. Plaintiff's late-filed opposition attaches a two paragraph declaration of Plaintiff's counsel, attesting that attached pages are true and correct copies of the deposition transcript of Michael Sherman. The deposition testimony is hearsay and, in some instances, double-hearsay. *See Orr v. Bank of America, supra*, 285 F.3d 764, 778-79 (9th Cir. 2002). It therefore does not stand as probative evidence in opposition to the summary judgment motion, since only admissible evidence may be considered on a summary judgment motion. FED. R. CIV. P. 56(c)(4); *Orr*, 285 F.3d at 773.

23. The Court declines to consider the late-filed opposition. Civ. L.R. 7-12. However, even if the Court did consider the late-filed opposition, the opposition contains no competent evidence. Therefore, it is appropriate to deem the facts in Defendant's motion to be admitted. FED. R. CIV. P. 56(e)(2) and (e)(3); Civ. L.R. 56-3.

24. There is no genuine issue as to any material fact.

25. Defendant is entitled to Judgment as a matter of law.

DATED: April 22, 2013

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE